KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA G REYESTORRE, on behalf of herself and those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE SERVICE BUREAU, INC. DBA NATIONAL SERVICE BUREAU, A Washington Corporation<br><br>Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## **COMPLAINT**

Plaintiff, MARIA G REYESTORRE, (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, SEATTLE SERVICE BUREAU, INC. DBA NATIONAL SERVICE BUREAU (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

**PARTIES**

4. PLAINTIFF is a natural person residing in Las Vegas, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a Washington corporation, which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

8. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 7 inclusive, above.

9. On or about December 7, 2017, DEFENDANT sent, or caused to be sent, the collection letter, attached hereto as Exhibit 1, to collect on an allegedly delinquent medical debt.

10. Exhibit 1 provides in pertinent part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of

this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

11. The second sentence in the paragraph fails to notify the consumer that the consumer must dispute in writing to trigger DEFENDANT'S legal duty to provide verification of the debt.

12. DEFENDANT's failure to provide the notice required under 15 U.S.C. § 1692g(a), violates the FDCPA as set forth below.

## CLASS ACTION ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. PLAINTIFF brings this claim individually and on behalf of all others similarly situated. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. Class Number One: A Nevada class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Were sent a collection letter from DEFENDANT in substantially the same form as Exhibit 1;

        iii. Where such letter was not returned as undeliverable.

15. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

16. All class members have been affected by the same conduct. The common

- 3 -

questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT's actions violate 15 U.S.C. §§ 1692g(a);

    b. The identities of individuals who were sent a similar letter from DEFENDANT which violated the above subsections; and

    c. The total number of consumers who were sent a similar letter from DEFENDANT which violated the above subsections.

17. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

19. PLAINTIFF is committed to vigorously pursuing his claims.

20. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

21. A class action regarding the issues in this case does not create any problems of manageability.

- 4 -

22. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692g(a)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASS

23. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 22 inclusive, above.

24. The FDCPA requires a debt collector to send the consumer a written notice advising the client of the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). (emphasis added).

25. On or about December 7, 2017, DEFENDANT sent, or caused to be sent, the collection letter, attached hereto as Exhibit 1, to collect on an allegedly delinquent medical debt.

26. Exhibit 1 provides in pertinent part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request

- 5 -

this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

27. DEFENDANT fails to notify the consumer that to obtain verification of a debt, a consumer must notify "the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed." 15 U.S.C. § 1692g(a)(4). (emphasis added). *See Hernandez vs. Guglielmo*, 977 F. Supp. 2d 1054 (D. Nev. 2013).

28. In *Hernandez*, this Court held that while § 1692g(a)(4) and (5) do not expressly prevent the debt collector from providing verification upon oral notification of the dispute, the debt collector must provide it upon written notification. "Thus, by omitting the words, 'in writing' or 'written request' the debt collector does not effectively convey to the consumer his rights under the FDCPA." *Id*. at 1057.

29. PLAINTIFF has been deprived of her legally protected right to receive disclosures required pursuant to 15 U.S.C. § 1692g(a), and therefore has standing for the purposes of Article III.

30. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

31. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(3) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this 2nd day of February 2018.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*